# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50325 | **DATE** | 6/24/2002 |
| **CASE TITLE** | LOU BACHRODT CHEVROLET vs. REICHELD CORP. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion to dismiss is granted in part and denied in part. Counts I - IV are dismissed for improper venue. Plaintiff is given fifteen days to request transfer of venue instead of a dismissal.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | JUN 25 2002 | 19 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

(Reserved for use by the Court)

# ORDER

Plaintiff, Lou Bachrodt Chevrolet, Co., Inc., d/b/a Lou Bachrodt Auto Mall and Lou Bachrodt Pontiac-Buick-GMC Trucks, filed a five-count complaint on September 12, 2001 against defendants, Reicheld Corp., d/b/a Lee Alan Productions Inc., Lee Alan Media, and/or LA Media, and Lee Alan Reicheld. Plaintiff alleges claims based on breach of contract (Count I), fraud (Count II), unjust enrichment (Count III), and specific performance (Count IV). Count V is against defendants for libel. Defendants have moved to dismiss Counts I-V for improper venue under Federal Rule of Civil Procedure 12(b)(3), Counts II - IV with respect to defendants Lee Alan Productions and Lee Alan Media under Rule 12(b)(6) for failure to state a claim, and Count II under Rule 9(b) for failing to state a fraud claim with particularity. Because the court finds the Rule 12(b)(3) motion is dispositive, the court need not discuss the latter two grounds for dismissal.

Defendants argue that a forum selection clause in the advertising contract between plaintiff and defendants requires dismissal of Counts I-V. The clause states: "The validity and interpretation of said Agreement shall be construed under the laws of the State of Michigan. It is agreed by and between the parties hereto that the situs of this agreement is Bloomfield Hills, Michigan and the same shall be the forum." (Compl., Exh. A, p. 2).[1] Although neither party has addressed whether Michigan state law or federal common law controls the validity of the forum selection clause, both parties have cited to federal cases so the court will assume federal common law applies. See Gruner AG v. KG Components Inc., No. 01 C 50137, 2002 WL 596360, *1 (N.D. Ill. Apr. 15, 2002) (Reinhard, J.); Truserv Corp. v. Prices Ilfeld Hardware Co., No. 01 C 50271, 2001 WL 1298718, *1 (N.D. Ill. Oct. 24, 2001) (Reinhard, J).

Forum selection clauses are prima facie valid and enforceable unless the resisting party shows the clause is unreasonable under the circumstances if enforced. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). A forum selection clause is enforceable unless (1) it was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is inconvenient such that a party may be deprived of its day in court; or (3) its enforcement would contravene public policy in the forum in which the suit is brought, declared by statute or judicial decision. AAR Int'l, Inc. v. Nimelias Enter. S.A., 250 F.3d 510, 525 (7th Cir. 2001).

Plaintiff argues that the forum selection clause is too vague or ambiguous to render jurisdiction exclusively in Bloomfield Hills, Michigan. The proper analysis under the case law to determine if the clause is a forum selection clause is to find whether the language used is permissive or mandatory. See Paper Express, Ltd. v. Pfankuch Maschinen GmbH, 972 F.2d 753, 755 (7th Cir. 1992). If a forum selection clause specifies venue in obligatory language then it will be enforced as a mandatory provision on venue. Id. at 757. However, if the clause merely specifies a jurisdiction then it is interpreted as permissive, giving the parties only a choice in venue. Id. The court finds that the forum selection clause at issue here is mandatory because of the obligatory language written in the clause. Specifically, the clause states that the location of the agreement is in Bloomfield Hills, Michigan, and that Bloomfield Hills, Michigan "shall be the forum." When a forum selection clause is prefaced with the language "shall be," this is an indication that venue is exclusive. Id. at 756. Moreover, the court finds that the clause is clear and unambiguous as to the forum. Therefore the language is mandatory, rather than permissive.

Plaintiff's further argue, under the second prong, the forum selection clause should not be enforced because it would inconvenience plaintiff's witnesses who reside primarily in Illinois.
There is no evidence from the record that plaintiff's inconvenience is so overly burdensome that plaintiff would be deprived of its day in court. See id. at 758; See also Chapman v. Norwegian Cruise Line Ltd., No. 01 C 50004, 2001 WL 910102, *2-3 (N.D. Ill July 6, 2001) (Reinhard, J.). Plaintiff's supporting affidavit also does not show that plaintiff is overly burdened because the affidavit is vague, conclusory, and lacking specific details concerning plaintiff's inconvenience. Moreover, although plaintiff may consider the witnesses essential to the ligation it has not shown that the witnesses would not voluntarily travel to testify on its behalf. See Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1291 (7th Cir. 1989). Without a record that indicates plaintiff would be deprived of its day in court, the presumption in favor of enforcing a forum selection clause cannot be overcome. Plaintiff also suggests in vague fashion that the clause is unenforceable because defendants "overreached" when they presented the agreement in a "take it or leave it" manner. The court rejects such conclusory assertions between sophisticated business representatives. Therefore, the court finds Counts I-IV, all of which are related to the validity and interpretation of the agreement between plaintiff and defendants, must be dismissed for improper venue.[2]

The parties are still left with Count V. Although defendants mention Count V in passing, defendants put forward no argument at all as to why Count V should be dismissed other than for the forum selection clause. Count V, however, cannot be dismissed under the forum selection clause because the forum selection clause is limited to disputes regarding the interpretation of the agreement. The libel count does not deal with the agreement itself, but the communications of defendants with a third party. And because defendants have not said why Count V fails to state a claim for libel, the court will not dismiss this count under Rule 12(b)(6).[3]

For the foregoing reasons, defendants' motion to dismiss is granted in part and denied in part. Counts I - IV are hereby dismissed without prejudice for improper venue.

---

[1] The court may consider the agreement on defendants' motion to dismiss because it is attached to plaintiff's complaint. See Beam v. IPCO Corp., 838 F.2d 242, 244 (7th Cir. 1988); See also Fed. R. Civ. P. 10(c).

[2] Defendants have requested to dismiss the complaint rather than transfer venue and plaintiff has not requested a transfer of venue. However, the court gives plaintiff fifteen days from the date of this order to request a transfer of venue if it so desires.

[3] The court would grant a transfer of venue of Count V if agreed to by both sides. Otherwise, Count V may be subject to a motion to dismiss. See Cartwright v. Garrison, 447 N.E.2d 446 (Ill. App. Ct. 1983).